IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MARCELL HUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 323-024 |
| ) | |
| WHEELER CORRECTIONAL FACILITY ) | |
| and SERGEANT PIERCE, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Wheeler Correctional Facility in Alamo, Georgia, commenced this case in the Northern District of Georgia by submitting a complaint and an unsigned, incomplete Affidavit and Authorization For Withdrawal From Inmate Account on a form used in that district. (See doc. nos. 1-2.) The case was transferred to the Southern District of Georgia, and Plaintiff's unsigned affidavit was entered as a motion on the docket. (Doc. no. 2.) Construing his filing as a motion to proceed *in forma pauperis* ("IFP"), the Court denied the motion and directed Plaintiff to submit a proper, completed IFP motion or pay the filing fee within twenty-one days. (See doc. no. 6.) Plaintiff was cautioned failure to respond would be an election to have this case voluntarily dismissed without prejudice. (Id.) The time to respond has passed, and Plaintiff has neither submitted an IFP motion nor paid the filing fee.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply

with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file a proper IFP motion or pay the filing fee, or even to provide an explanation for his failure to comply with the Court's prior order, amounts not only to a failure to prosecute, but also an abandonment of the case.  This is precisely the type of neglect contemplated by the Local Rules.  The Court cautioned Plaintiff that failing to submit an IFP motion or pay the filing fee would result in a recommendation for dismissal. Furthermore, because Plaintiff requested permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.  Accordingly, the Court

**REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of April, 2023, at Augusta, Georgia.

*[Signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA